| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

```
----------------------------------------------------------- X
                                                            :
XIAOBIN XU,                                                 :
                                                            :
                                   Plaintiff,               :       MEMORANDUM DECISION
                                                            :       & ORDER
                    - against -                             :
                                                            :       18-cv-2048 (BMC)
KIRSTJEN NIELSEN,¹ MR. JOHN                                 :
THOMPSON, WILHELM BIERMAN, and                              :
MARIA GUERRA,                                               :
                                                            :
                                   Defendants.              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se*, an immigrant with asylee status, brought this case under the Mandamus Act, 28 U.S.C. § 1361, seeking to compel defendants, who are officials of the immigration authorities, to adjudicate his application for an adjustment of his immigration status. On April 21, 2018, after plaintiff had commenced this action, United States Customs and Immigration Services issued to plaintiff a Request for Evidence. Before me is defendants' motion to dismiss on the grounds that the action is moot and plaintiff has no right to relief. As explained below, defendants' motion is granted.

## BACKGROUND

According to the complaint, plaintiff was granted asylee status on May 23, 2012. In August 2013, plaintiff filed an I-485 application to adjust his status to permanent resident. Shortly after filing the I-485 application, plaintiff attended a scheduled appointment with USCIS where the agency took his biometrics as part of his application. Approximately 56 months later,

---

[1] Kirstjen Nielsen has been substituted for her predecessor pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk of Court should update the docket accordingly.

plaintiff filed this suit, seeking a writ of mandamus under 28 U.S.C. § 1361 to compel USCIS to adjudicate his application.

Defendants moved to dismiss the complaint. Plaintiff was given notice of the motion and an opportunity to oppose but did not.

## DISCUSSION

Because there is a Request for Evidence pending, there is no role for the Court. "[J]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is institutionally ill-equipped to do." Meixian Ye v. Kelly, No. 17 CIV. 3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) (second alteration in original) (quoting Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1038 (9th Cir. 2013)). In sending the Request for Evidence, USCIS has acted on plaintiff's I-485 application and this action is moot.

Furthermore, plaintiff is not entitled to mandamus relief. The Mandamus Act grants courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004). The strict requirements for mandamus relief are well established. They are: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted).

The APA, in turn, provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further provides that courts shall

"compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004). To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly apply the six factors set forth in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (the "TRAC factors"). They are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable . . . in the enabling statute . . . [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) . . . the effect of expediting delayed action on agency activities of a higher or competing priority; (5) . . . the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Families for Freedom v. Napolitano, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009) (quoting id. at 80).

In applying the "competing priority" TRAC factor, it is appropriate to "refuse[] to grant relief, even though all the other factors considered in TRAC favor[] it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991)) (internal quotation marks omitted). The Mashpee Court noted that there was "no evidence the agency had treated the petitioner differently from anyone else, or that officials not working on [the petitioner]'s matters were just twiddling their thumbs." Id. at 1100-01 (same). The Court approvingly noted that the district court recognized this concern when it found that "[n]ot only must [the agency] juggle competing duties . . . but the injury claimed by [the plaintiff] is

3

applicable to all groups petitioning for [the same relief]." Id. at 1101 (quoting Mashpee Wampanoag Tribal Council, Inc. v. Norton, 180 F. Supp. 2d at 136 (D.D.C. 2001)).

Plaintiff is not entitled to mandamus relief because he has no right to the relief requested and defendants are under no duty to act given the circumstances. Plaintiff's application has been pending for a little less than five years, and while a substantial amount of time, it is not an unreasonable delay. Numerous cases have so concluded, including some from this Court. See Yan Chen v. Nielsen, 17-cv-7157, 2018 WL 1221130, at *2 (E.D.N.Y. Mar. 8, 2018); Espin v. Gantner, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005; Saleh v. Ridge, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005).

In addition, as I have noted elsewhere, see Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015), the competing-priority issue is weighty. There are many other applicants who have waited even longer than plaintiff; to grant him priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit. That factor should not give him any advantage, and his case is premature. Plaintiff is not entitled to any relief based on the amount of time that has elapsed since his application.

## CONCLUSION

Defendants' motion to dismiss [6] is GRANTED. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 31, 2018